**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 6, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-60893
Summary Calendar

MANKA BIH CLARISE,

Petitioner

VERSUS

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent

On Petition for Review of an Order of
the Board of Immigration Appeals

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manka Bih Clarise, petitioner, seeks review of a final order of the Board of Immigration Appeals ("Board") affirming an order of the immigration court denying her application for political asylum. For the following reasons, we affirm.

I.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petitioner is a native of Cameroon and entered the United States under a business visa that was obtained under the pretense that she was a model hired to work at a fashion show in Atlanta, Georgia.  She overstayed her visa and she concedes removability under INA § 237(a)((1)(B), 8 U.S.C. 1227(a)(1)(B).  Petitioner now seeks asylum in this country and withholding of removal on grounds that she has suffered past persecution in Cameroon on account of her political affiliation with the Southern Cameroon National Council ("SCNC").  The immigration judge denied Clarise's petition for asylum because he had "reason to doubt the respondent's veracity due to the fact that her testimony was implausible and internally inconsistent."  Petitioner appeals, arguing that the immigration judge's order was not supported by substantial evidence.

## II.

We ordinarily review orders of the Board of Immigration of Appeals ("BIA"), not the immigration judge ("IJ").  In the instant case, however, the BIA affirmed the IJ's order without opinion; we therefore review the findings of the IJ.  See Chun v. INS, 40 F.3d 76, 78 (5th Cir.1994).  We review the administrative findings of fact as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.  Id. Thus, we may not reverse the agency's factual determinations unless we "find not only that the evidence supports a contrary conclusion, but that it compels it."  Id.

2

The IJ found the petitioner was not credible for several reasons. First, he found Clarise's testimony that her father was being sought by the government as a member of the SCNC in conflict with an official document submitted by Clarise stating that authorities were not actually seeking out members of the SCNC. Second, the IJ found the fact that petitioner's application for asylum stated that she joined another militant political group known as CAM (Cameroon Anglafone Movement), was inconsistent with the fact that she made no mention of joining CAM in her testimony before the IJ. Third, the judge found inconsistencies in petitioner's testimony and application with the supporting documents she submitted regarding an incident in which she was purportedly beaten. Fourth, he found her statement that she was a leader of the youth wing of the SCNC inconsistent with her testimony that she was a public relations person for the SCNC. Fifth, petitioner testified that she had been kidnapped and that after her release, she ran to her uncle's house a mile away. The statement attached to her application, however, stated that the individuals who freed her, took her home. Finally, the IJ found no plausible explanation for petitioner's failure to produce the testimony of her uncle who lived in Texas.

Under the very deferential standard we afford to the trier of fact, we conclude that the IJ's credibility finding was reasonable based on the record and was supported by substantial evidence. We therefore deny the petition for review.

3